TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
BRENT A. WHITTLESEY (Cal. Bar No. 73493)
Assistant United States Attorney
Asset Forfeiture Section
    1400 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5421
    Facsimile: (213) 894-0142
    E-mail:    brent.whittlesey@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>          v.<br><br>RICHARD AYVAZYAN,<br>    Aka "Richard Avazian" and<br>"Iuliia Zhadko," et al.<br><br>          Defendants. | No. CR 20-00579-SVW-4<br><br>GOVERNMENT'S APPLICATION FOR PRELIMINARY ORDERS OF FORFEITURE PURSUANT TO PLEA AGREEMENT AS TO DEFENDANT TAMARA DADYAN<br><br>Sentencing Hearing<br><br>Date: 10/18/21<br>Time: 11:00 a.m.<br>Courtroom: 10A |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Plaintiff United States of America hereby applies for issuance of a Preliminary Orders of Forfeiture ("POFs") lodged

contemporaneously herewith,[1] pursuant to Fed. R. Crim. P. 32.2(b) and the Plea Agreement filed in this case, as to the real and personal property (the "Forfeitable Property") that defendant Tamara Dadyan ("Dadyan") has agreed to forfeit to the United States of America:

   a.   $12,520.00 in U.S. Currency seized during the execution of a federal search warrant on November 5, 2020, in Encino, California, at the residence of defendants Dadyan and Artur Ayvazyan ("A. Ayvazyan");

   b.   $3,032.23 in bank funds seized pursuant to a federal seizure warrant executed on or about January 22, 2021, from Bank of the West account ending in '0531 in the name of Dadyan;

   c.   $189,430.85 in bank funds seized pursuant to a federal seizure warrant executed on or about January 22, 2021, from Bank of the West account ending in '5682 in the name of Proactive Home Health Care Inc.;

   d.   The real property located at 4910 Topeka Drive, Tarzana, California, APN: 2176-029-031, more particularly described as:

   DESCRIPTION: THE LAND REFERRED TO HEREIN IS SITUATED IN THE
   COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AND IS
   DESCRIBED AS FOLLOWS:
   PARCEL 1:

---

[1] The government has lodged a total of four POFs – one for each of the three real properties described below and one for the remaining assets. Individual POFs are required for each parcel of real property because orders purporting to effect title to multiple parcels of real property cannot be recorded.

THOSE PORTIONS OF LOT 71 and 72 OF TRACT 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27 PAGE 55 ET SEQ. OF MAPS, AND THAT PORTION OF PARCEL "A" OF PARCEL MAP L.A. NO. 2015 AS PER MAP FILED IN BOOK 32 PAGE 19 OF PARCEL MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

BEGINNING AT A POINT IN THE CENTERLINE OF TOPEKA DRIVE, 40 FEET WIDE, AS SHOWN ON SAID MAP, DISTANT THEREON SOUTH 15° 10' 00" WEST 178.55 FEET FROM THE NORTHEASTERLY TERMINUS OF THAT CERTAIN COURSE IN THE CENTERLINE OF TOPEKA DRIVE SHOWN ON SAID MAP AS HAVING A BEARING OF NORTH 15° 10' 00" EAST AND LENGTH OP 1055.19 FEET;

THENCE SOUTH 74° 50' 00" EAST 56.09 FEET TO THE BEGINNING OF A TANGENT CURVE, CONCAVE TO THE NORTHWEST, HAVING A RADIUS OF 129.86 FEET;

THENCE EASTERLY ALONG SAID CURVE 128.40 FEET; TO THE TRUE POINT OF BEGINNING;

THENCE TANGENT TO SAID CURVE NORTH 48° 30' 50" EAST 147.14 FEET TO THE BEGINNING OF A TANGENT CURVE, CONCAVE TO THE SOUTHEAST, HAVING A RADIUS OF 100.05 FEET;

THENCE EASTERLY ALONG SAID CURVE, 125.14 FEET, A RADIAL LINE TO SAID POINT BEARS NORTH 30° 10' 46" EAST;

THENCE NORTH 10° 52' 46" EAST 45.32 FEET;

THENCE SOUTH 84° 29' 18" EAST 182.82 FEET;

1  THENCE SOUTH 04° 13' 10" WEST 195.63 FEET TO A POINT IN A
2  CURVE CONCAVE WESTERLY HAVING A RADIUS OF 175.31 FEET; A
3  RADIAL LINE TO SAID POINT BEARS NORTH 62° 22' 50″ EAST;
4  THENCE CONTINUING EASTERLY AND SOUTHERLY ALONG SAID CURVE
5  THROUGH A CENTRAL ANGLE OF 50° 06' 30" AN ARC DISTANCE OF
6  153.32 FEET;
7  THENCE TANGENT TO SAID CURVE SOUTH 22° 29' 20" WEST 63.38
8  FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE
9  NORTHWEST HAVING A RADIUS OF 375.00 FEET;
10 THENCE SOUTHWESTERLY ALONG SAID CURVE, THROUGH A CENTRAL
11 ANGLE OF 13° 52' 00" 90.76 FEET TO THE BEGINNING OF A
12 REVERSE CURVE CONCAVE TO THE SOUTHEAST HAVING A RADIUS OF
13 161.89 FEET;
14 THENCE SOUTHEASTERLY ALONG SAID CURVE, THROUGH A CENTRAL
15 ANGLE OF 17° 46' 00" 50.20 FEET TO THE BEGINNING OF A
16 REVERSE CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF
17 75.69 FEET;
18 THENCE SOUTHWESTERLY AND WESTERLY ALONG SAID CURVE, THROUGH
19 A CENTRAL ANGLE OF 33° 58' 30" 44.88 FEET TO A POINT OF
20 CUSP IN THE NORTHERLY LINE OF SAID PARCEL "A" SAID
21 NORTHERLY LINE BEING A CURVE CONCAVE SOUTHWESTERLY HAVING A
22 RADIUS OF 30.00'; A RADIAL LINE TO SAID POINT BEARS SOUTH
23 38° 26' 10" EAST;
24 THENCE EASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE
25 116° 31' 20" AN ARC DISTANCE OF 61.01 FEET;
26 THENCE SOUTH 10° 54' 50" EAST 92.71 FEET;
27 THENCE SOUTH 80° 16' 17" WEST 20.00 FEET;

4

THENCE NORTH 31° 28' 33" WEST 120.33 FEET;

THENCE NORTH 22° 17' 48" WEST 20.00 FEET TO THE BEGINNING OF A CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 55.69 FEET;

THENCE NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 49° 06' 52" AN ARC DISTANCE OF 47.74 FEET TO THE BEGINNING OF A REVERSE CURVE CONCAVE SOUTHEASTERLY HAVING A RADIUS OF 181.89 FEET;

THENCE NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 17° 46' 00" AN ARC DISTANCE OF 56.40 FEET TO THE BEGINNING OF A REVERSE CURVE CONCAVE NORTHWESTERLY HAVING A RADIUS OF 355.00 FEET;

THENCE NORTHEASTERLY ALONG SAID CURVE THROUGH A CENTRAL ANGLE OF 12° 45' 16" AN ARC DISTANCE OF 79.03 FEET;

THENCE NORTH 67° 12' 02" WEST 268.30 FEET;

THENCE NORTH 15° 10' 00" EAST 43.00 FEET;

THENCE NORTH 47° 02' 30" WEST 175.00 FEET TO THE TRUE POINT OF BEGINNING.

PARCEL 2:

THE RIGHT OF INGRESS AND EGRESS FOR SAID PROPERTY OVER A ROADWAY EASEMENT FROM TOPEKA DRIVE OVER THAT PORTION OF LOT 71, OF TRACT NO. 2605, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 27, PAGE 55, ET SEQ., OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, INCLUDED WITHIN A STRIP OF LAND 30.00 FEET IN WITH, LYING 15.00 FEET ON EACH SIDE OF THE FOLLOWING DESCRIBED CENTER LINE:


BEGINNING AT THE SOUTHWESTERLY CORNER OF THE LAND CONVEYED TO CIRELLA G. SMITH AND HUSBAND, BY DEED RECORDED JULY 8, 1943 AS INSTRUMENT NO. 118, IN BOOK 20132 PAGE 100, OFFICIAL RECORDS, SAID CORNER BEING DISTANT 261.45 FEET NORTHERLY FROM THE SOUTHWESTERLY CORNER OF LOT 71, SAID TRACT 2605; THENCE NORMAL TO THE EASTERLY LINE OF TOPEKA DRIVE, SOUTH 74° 50' 00" EAST 36.09 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE TO THE NORTHWEST HAVING A RADIUS OF 129.86 FEET; THENCE NORTHEASTERLY ALONG SAID CURVE, 128.40 FEET; THENCE TANGENT TO SAID CURVE, NORTH 48° 30' 50" EAST 147.14 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE SOUTHERLY, HAVING A RADIUS OF 100.05 FEET; THENCE EASTERLY ALONG SAID CURVE, 144.70 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 48° 37' 10" EAST, 161.06 FEET TO THE BEGINNING OF A TANGENT CURVE CONCAVE WESTERLY, HAVING A RADIUS OF 175.31 FEET, THENCE SOUTHERLY ALONG SAID CURVE, 217.57 FEET; THENCE TANGENT TO SAID CURVE, SOUTH 22° 29' 20" WEST 42.15 FEET TO A POINT.

e.   The real property located 834 Calle La Primavera, Glendale, California, APN: 5663-036-33, more particularly described as:

Parcel 1:

Lot 56 of Tract No. 45375, in the City of Glendale, County of Los Angeles, State of California, as per map recorded in Book 1128, Page(s) 55 to 63 inclusive of Maps, in the office of the County Recorder of said County.

```
        Except therefrom all oil and minerals in, on and under said
        land as reserved by Benjamin Dreyfus in deeds recorded in
        Book 101, Pages 551 and in Book 107, Page 447 both of
        Deeds, in said Office of the County Recorder.
        Parcel 2:
        Non-exclusive easements for access, ingress, egress,
        encroachments, maintenance, repair, drainage, support and
        other purposes, all as described in the Master Declaration
        recorded March 7, 1989 as Instrument No. 1989-354873 and
        any amendments thereto.
        f.   The real property located at 74203 Anastacia Lane,
Palm Desert, California, APN: 684-331-008, more particularly
described as:
        Parcel 1:
        Lot 56 of Tract No. 45375, in the City of Glendale, County
        of Los Angeles, State of California, as per map recorded in
        Book 1128, Page(s) 55 to 63 inclusive of Maps, in the
        office of the County Recorder of said County.
        Except therefrom all oil and minerals in, on and under said
        land as reserved by Benjamin Dreyfus in deeds recorded in
        Book 101, Pages 551 and in Book 107, Page 447 both of
        Deeds, in said Office of the County Recorder.
        Parcel 2:
        Non-exclusive easements for access, ingress, egress,
        encroachments, maintenance, repair, drainage, support and
        other purposes, all as described in the Master Declaration
```

recorded March 7, 1989 as Instrument No. 1989-354873 and any amendments thereto.

This application, which deals solely with the specific property as to which forfeiture is sought (described in detail above) is supported by defendant's guilty plea, the factual basis stated during defendant's plea proceeding, and the matters set forth in the accompanying Memorandum of Points and Authorities.

On July 30, 2021, government counsel e-mailed a copy of this application and the proposed Preliminary Order of Forfeiture to Fred G. Minassian, counsel for defendant Tamara Dadyan, and requested that counsel inform the undersigned within 36 hours whether there would be any objection to entry of the Preliminary Order of Forfeiture. As of August 6, 2021, Defense counsel has not objected to the entry of the Preliminary Order of Forfeiture.

DATED: August 6, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

*/s/Brent A. Whittlesey*
BRENT A. WHITTLESEY
Assistant United States Attorney
Asset Forfeiture Section

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

Defendant Tamara Dadyan entered a plea of guilty to Counts One, Twenty-four, and Twenty-six of the First Superseding Indictment in this case, charging her with a violation of 18 U.S.C. § 1349 (conspiracy to commit wire fraud and bank fraud), a violation of 18 U.S.C. § 1028A(a)(1) (aggravated identity theft), and a violation of 18 U.S.C. § 1956(h) (conspiracy to commit money laundering). Defendant received notice in the First Superseding Indictment of the government's intent to seek forfeiture in the event of her conviction on Counts 1, 24, and 26. The requested entry of the POFs are supported by defendant's guilty plea because the Forfeitable Property constitutes or is traceable to proceeds of defendant's illegal activities in violation of 18 U.S.C. §§ 1349, 1029A(a)(1), 1956(h), and is therefore subject to forfeiture pursuant to 18 U.S.C. §§ 982, 982(a)(2), and 1028. The forfeiture of defendant's interest in the Forfeitable Property, if any, shall be final upon the Court's entry of the proposed POFs, subject to Defendant's appeal of her conviction on Counts One, Twenty-four, or Twenty-six. Fed. R. Crim. P. 32.2(b)(4)(A).

Pursuant to Rule 32.2(b), the government now applies for the entry of the Preliminary Order of Forfeiture of the Forfeitable Property (the proposed order is lodged contemporaneously herewith). The government also requests that the forfeiture of the Forfeitable Property be stated orally at defendant's sentencing and set forth in defendant's Judgment and Commitment Order.

## II. ARGUMENT

### A. The Nexus Between Defendant's Crime and the Forfeitable Property Has Been Established by the Plea Agreement

Rule 32.2 of the Federal Rules of Criminal Procedure provides, in pertinent part:

As soon as practicable after entering a guilty verdict or accepting a plea of guilty or nolo contendere on any count in an indictment or information with regard to which criminal forfeiture is sought, the court must determine whether the government has established the requisite nexus between the property and the offense. . . . The court's determination may be based on . . . any written plea agreement . . . .

Fed. R. Crim. P. 32.2(b)(1). The Advisory Committee Notes for this provision explain that for the preliminary order of forfeiture, the court must determine "if the property was subject to forfeiture under the applicable statute, e.g., whether the property represented the proceeds of the offense . . . ." Advisory Committee Notes to Rule 32.2, subdivision (a) (2000 Adoption). The standard of proof regarding the forfeitability of property in a criminal case is preponderance of the evidence. See United States v. Najjar, 300 F.3d 466, 485-86 (4th Cir. 2002); United States v. Shryock, 342 F.3d 948, 991 (9th Cir. 2003) (following Najjar); United States v. DeFries, 129 F.3d 1293, 1312 (D.C. Cir. 1997); United States v. Hernandez-Escarsega, 886 F.2d 1560, 1576-77 (9th Cir. 1989) (interpreting language in 21 U.S.C. § 853); United States v. Bieri, 21 F.3d 819 (8th Cir. 1994)(§ 853).

///

Thus, the only question before the Court in connection with the requested entry of the proposed Preliminary Order is whether the evidence before the Court is enough to establish by a preponderance of the evidence that there is a nexus between the specific property to be forfeited, and the offense to which defendant pled guilty. See Rule 32.2(b)(1).

The existence or extent of third-party interests in the specific property will be determined after the entry of the preliminary order. See United States v. Lazarenko, 476 F.3d 642, 648 (9th Cir. 2007) ("Upon a finding that the property involved is subject to forfeiture, a court must promptly enter a preliminary order of forfeiture without regard to a third party's interests in the property."). The preliminary order should be entered promptly in order to avoid unnecessary delay in the forfeiture process and resolve potential third party rights. United States v. Yeje-Cabrera, 430 F.3d 1, 15 (1st Cir. 2005). The defendant need not be present when the preliminary order is entered. United States v. Segal, 495 F.3d 826, 837-38 (7th Cir. 2007).

The government is not required to establish the defendant's ownership of the property either to seize it or to obtain a preliminary order of forfeiture, and third parties are prohibited from intervening in the criminal case, and cannot complain that they have to wait for the ancillary proceeding to assert their rights. Almeida v. United States, 459 F.3d 377, 381 (2d Cir. 2006); 18 U.S.C. § 1963(i). As explained in the Advisory Committee Notes to Rule 32.2 (2000), the Rule was revised with the intent to eliminate confusion over whether the

extent of the defendant's ownership interest should be determined by the finder of fact.  The new rule clarified that the only question upon conviction or a guilty plea is whether there is a nexus between the violation of which the defendant has been convicted (or to which he has pled) and the property sought - if there is, the court should enter an order forfeiting "whatever interest a defendant may have in the property without having to determine exactly what that interest is."[2]  A defendant cannot object to the entry of a preliminary order on the ground that the property at issue does not belong to him. United States v. Schlesinger, 396 F. Supp. 2d 267, 273 (E.D.N.Y. 2005).

    Here, all the proof that is necessary is contained in the defendant's written plea agreement.[3]  Defendant pled guilty to Counts One, Twenty-four and Twenty-six of the First Superseding Indictment.  Therefore, the requirements of Rule 32.2(b) have been met and the proposed Preliminary Orders should be entered.

///

---

[2] Criminal forfeiture is part of the defendant's sentence, so it is available only if the defendant is convicted of the underlying substantive offense. Lazarenko, supra. If the defendant is convicted, his interest in the property must be forfeited regardless of what that interest is, so it is not necessary to determine the extent of the interest. The only issues left to be determined concerning ownership are those of non-defendant third parties, whose interests are determined in the ancillary process. Only after that process is complete does the government obtain a Final Order of Forfeiture.

[3] The defendant's admissions are more than sufficient to establish forfeitability, but the Court is not required to find a factual basis for the defendant's agreement to criminal forfeiture. See United States v. Ken Int'l Co., Ltd., 113 F.3d 1243, 1997 WL 229114, at *3 (9th Cir. 1997).

### B. <u>The Mechanics of the Criminal Forfeiture</u>

The Preliminary Order of Forfeiture becomes final as to the defendant at the time of sentencing (or before sentencing, if defendant consents). Rule 32.2(b)(3). After entry of the preliminary order, the second phase of the forfeiture proceedings may begin, to determine whether any third party rights may exist in the specific property to be forfeited. Fed. R. Crim. P. 32.2(c)(1).

Accordingly, the government respectfully requests that the Court enter the proposed Preliminary Orders of Forfeiture lodged contemporaneously herewith, authorizing the government to seize the property subject to forfeiture (to the extent it has not already done so) and to commence proceedings governing third-party rights. Fed. R. Crim. P. 32.2(b)(3). The government will publish notice generally. Following such notification and completion of any necessary ancillary proceedings, the government will submit, as appropriate, a final orders of forfeiture pursuant to Fed. R. Crim. P. 32.2(c).

### III. FORFEITURE MUST BE PRONOUNCED AT SENTENCING

At sentencing, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the "order of forfeiture becomes final as to the defendant and shall be made a part of the sentence and included in the judgment."

The Court must pronounce the forfeiture conditions orally as part of the sentence imposed on the defendant, and must include the forfeiture in the judgment and commitment order. See <u>United States v. Gaviria</u>, 116 F.3d 1498, 1530 (D.C. Cir. 1997) (forfeiture portion of the defendant's sentence must be

announced in his presence pursuant to Fed. R. Crim. P. 43(a)). The government recommends the following language be read to the defendant and modified as necessary for inclusion in the judgment and commitment order at the time of his sentencing:

> Pursuant to 21 U.S.C. § 853 and Counts One, Twenty-four and Twenty-six of the First Superseding Indictment, defendant TAMARA DADYAN has forfeited all of her right, title, and interest in the specific property more particularly described in the Preliminary Orders of Forfeiture entered on [date].

**IV.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court forthwith enter the proposed Preliminary Orders of Forfeiture lodged herewith.

DATED: _August 6, 2021            Respectfully submitted
                                  TRACY L. WILKISON
                                  Acting United States Attorney

                                  SCOTT M. GARRINGER
                                  Assistant United States Attorney
                                  Chief, Criminal Division


                                  /s/*Brent A. Whittlesey*
                                  BRENT A. WHITTLESEY
                                  Assistant United States Attorney
                                  Asset Forfeiture Section

                                  Attorneys for Plaintiff
                                  UNITED STATES OF AMERICA