JERRY KAPLAN, ESQ. Bar No. 49142
JOSEPH BENINCASA, ESQ. Bar. No. 251347
Kaplan, Kenegos and Kadin
Attorneys at Law
9150 Wilshire Boulevard Suite 175
Beverly Hills, California 90212
Email: kapkenkd@pacbell.net
Telephone:(310) 859-7700
Facsimile:(310) 859-7773

Attorneys for Defendant
TAMARA DADYAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>TAMARA DADYAN,<br><br>Defendant. | CASE NO.   2:20-CR-00579-SVW-4<br><br>**DEFENDANT TAMARA DADYAN'S OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**<br><br>DATE: NOVEMBER 15, 2021<br>TIME: 11:00 AM<br>COURT: HON. STEPHEN V. WILSON |

Defendant Tamara Dadyan, through undersigned counsel, hereby files Objections to the Presentence Report.

## GENERAL OBJECTION

Defendant currently has pending a Motion to Withdraw the Plea. Regardless of the outcome of that motion, the defendant objects to the factual basis of the Plea Agreement being used for consideration at sentencing because it contains false statements of fact. Most crucially, it contains a false statement that Ms. Dadyan knowingly conspired with her co-defendants to

submit "151" fraudulent loans. The defendant took part in the submission of four (4) loans, and respectfully objects to the use of a loss amount corresponding more than those four loans for Specific Offense Characteristics, USSG §2B1.1(b)(1).

**OBJECTIONS/CORRECTIONS**

Page 4.       Guideline Summary, defendant respectfully objection to:

        The Base Offense Level calculation of 31;

        The Specific Offense Characteristics of +2;

        The Lack of a Mitigating Role (Minor Role);

        Adjusted Offense Level of 33;

        Total Offense Level of 31;

        Guideline Sentence of 108 to 135 Months;

Para. 33       Defendant was not involved in the purchase of any properties, luxury items, gold coins, diamonds, jewelry, luxury watches, fine imported furnishings, designer handbags, designer clothing, cryptocurrencies, or securities. These items were purchased by co-defendants unbeknownst to defendant, excepting only a property in which defendant wired money to escrow pursuant to Richard Ayvazyan's instructions to repay him for money she and her husband (R. Ayvazyan's brother) owed him unrelated to the conspiracy.

Para. 34       Defendant did not conspire with, assist, or facilitate loans with Terebelian.

Para. 35       Defendant did not participate in any loans with Terebelian or use of Terebelian's deceased father's identity or other dead people. Dadyan did not participate in loans using false names for Richard Ayvazyan or Terebelian.

Para. 36  The documents and items discovered in Defendant's residence belonged to Richard Ayvazyan.

Para. 37  Defendant did not submit or aid and abet in the submission of 151 fraudulent loans and applications. Defendant was only involved in four loans, for herself, her husband Artur Ayvazyan, and her cousin Vahe Dadyan.

Para. 38  Defendant did not agree with R. Ayvazyan and Terbelian to move proceeds through bank accounts owned by R. Ayvazyan and Terebelian. Defendant only transferred money to R. Ayvazyan that she owed him from an unrelated prior loan.

Para. 41  Defendant did not transfer money to an account belonging to Inception Ventures. Defendant transferred money directly to R. Ayvazyan that she owed him.

Para. 42  Defendant did not assist V. Dadyan in the transfer of funds to Runyan Tax Services or to R. Ayvazyan and Terebelian.

Para. 43  Defendant did not take part in any way in the A.D. DBA Six Star Farms loan.

Para. 44  Defendant was not involved in 151 loans, only four (4). Defendant did not take part in the conspiracy to obtain approximately $21.9 Million. Defendant was only involved in the two (2) Secureline Realty loans in the total amount of $301,838; Vahe Dadyan's loan for Voyage Limo, in which she helped him translate the application, in the amount of $157,000; and Artur Ayvazyan's Allstate Towing loan in the amount of $274,000.

Para. 46  Defendant did not cause $17,723.26 in actual losses to the SBA and 12 financial institutions.

Para. 48  Defendant does not stipulate to the factual basis of her plea agreement. Her counsel wrongly advised her to agree to an untrue factual basis and the defendant withdraws such a stipulation because the factual basis is false.

Para. 56    Specific Offense Characteristics.  Defendant objects to this calculation. Defendant was involved in four loans totaling $732,838.  <u>Pinkerton</u> libility does not translate directly into sentencing culpability.  <u>U.S. v. Collazo</u>, 984 V.3d 1308, 0334 (9th Cir. 2021).  The proper offense level upward adjustment is +14 levels.  USSG §2B1.1(b)(1)(H).

Para. 57    Defendant objects to the application of USSG §2B.1.1(b)(2) because there were only four victim banks.

Para. 58    Defendant objects to the application of a sophisticated means enhancement.  Defendant applied for loans for her legitimate business and assisted her husband and cousin to fill out applications for their legitimate businesses.  Her relevant conduct did not include the larger conspiracy of R. Ayvazyan and others that involved more sophisticated laundering and transfer of monies and large scale use of multiple and fake identities and fake businesses.  The loans were in her name, the bank accounts were in her name and she did not use fictitious names to conceal her identity.

Para. 60    Defendant objects to the base offense level calculation.  The proper base offense level is 21.

Para. 63    Defendant objects to the lack of a mitigating role.  The defendant did not work alongside R. Ayvazyan and assist with the concealment and spending of fraudulently obtained loans of any loans other than the abovementioned four loans.  Defendant's role was minor and she should receive a 2-level reduction.

Para. 65    Defendant objects to the Adjusted Offense Level, which should be 21.

Para. 69    Defendant objects the Total Offense Level.  The proper calculation is 19.

Para. 142   Defendant objects to an order of restitution beyond what is applicable to her for her relevant conduct, to wit, a total of $732,838.

**DEFENDANT TAMARA DADYAN'S OBJECTSION TO PRESENTENCE INVESTIGATION REPORT**

Date:   November 9, 2021          Respectfully submitted,

   /s/ Jerry Kaplan
JERRY KAPLAN
Attorneys for Defendant
TAMARA DADYAN

**DEFENDANT TAMARA DADYAN'S OBJECTSION TO PRESENTENCE INVESTIGATION REPORT**